THE MAYOR AND COMMON COUNCIL OF THE CITY OF
NEWARK, DEFENDANT IN ERROR, v. GEORGE T. HATT
ET AL., PLAINTIFFS IN ERROR.

Submitted March 11. 1910—Decided June 20, 1910.

1. Where part of a street between the two next adjacent cross streets
   is vacated, all of the land between the cross streets bounding
   on the partly vacated street suffers a special injury, whether it
   abuts on the vacated portion or not, for which damages may be
   appraised and awarded, under a statute requiring a city to pay
   damages caused by the vacation of any street.
2. The building of a railroad embankment across such vacated por-
   tion of a street is not an element to be considered in assessing the
   damage resulting from the vacation, in part, of such street.

On error to the Supreme Court, whose opinion is reported
in 48 *Vroom* 48.

For the plaintiffs in error, *Riker & Riker*.

For the defendant in error, *Herbert Boggs* and *Malcolm
MacLear*.

The opinion of the court was delivered by

BERGEN, J.   The commissioners of assessment for local
improvements in the city of Newark made an award for
damages to certain landowners arising from the vacation of
several public highways; among them were George T. Hatt,
Addison Brown, Charles F. Kilburn and Walter D. Osborne.
The mayor and common council of the city of Newark being
dissatisfied with the award, removed the proceedings to the
Supreme Court by writ of *certiorari*, in which court the
award to the aforesaid landowners was set aside, which judg-
ment was brought here on error by Kilburn and Osborne, the
other owners not joining in the writ.   The facts shown in the
record are that Lawrence street in Newark, previous to these
proceedings, was a public highway connecting Hamilton street
with Mechanic street, and that Osborne and Kilburn owned

lands fronting on it, the Osborne tract being on the corner of Mechanic and Lawrence streets with a frontage of sixty-four feet on the latter, and one hundred and seven feet along Mechanic street; the Kilburn tract having a frontage of fifty feet on Lawrence street adjoining the Osborne lot, and it also extended along the side of the Osborne lot to Mechanic street. A railroad company, being the owner of all the land abutting on Lawrence street between the Osborne and Kilburn tracts and Hamilton street, desired to elevate its roadbed, and the city, by ordinance, vacated all of Lawrence street from the southerly line of the Kilburn lot to Hamilton street, the effect being to make that part of Lawrence street upon which the lots of these two owners abutted, a *cul-de-sac.* The railroad company elevated its road to the height of eight feet six inches, and built a concrete retaining wall along the southerly Kilburn line and across Lawrence street, thus effectively closing it to the south of the lands of Osborne and Kilburn and preventing all access to their lands over Lawrence street from Hamilton street.

The charter of the city of Newark (*Pamph. L.* 1862, *p.* 333) provides that when the city shall determine, by ordinance, to vacate any street, "and any land will be damaged by such vacating," the damages, if the city and owner cannot agree, shall be ascertained and awarded by commissioners appointed for such purpose. In the present case such award was made, and is now here under review. The record shows that the commissioners allowed damages to Osborne and Kilburn, estimated to result from the vacation of Lawrence street to the extent it was vacated, and also from the elevation of the roadbed of the railroad on their own land immediately adjoining the Kilburn tract, and across Lawrence street. The Supreme Court set aside the award upon two grounds, first, because the commissioners awarded damages which they estimated to result to the land from the elevation of the railroad, and second, that the lands not abutting on the vacated portion of the street were not lands which "will be damaged by such vacating" of the street within the meaning of the statute.

We agree with the Supreme Court that it was improper for the commissioners to consider the elevation of the railroad as an element of damage, for that was no part of the street vacation, but a lawful use by the landowner of its property. The other question is more difficult because of a conflict of judicial opinion, authority entitled to the highest consideration supporting each side of the general proposition. The question has not been distinctly passed upon by this court, and we are at liberty to adopt that rule which appears to us to be most reasonable and just.

The right of the state to destroy public improvements of this class without compensation is not limited by the constitution, and except for the statute, as expressed in the charter of the city, this street could have been vacated without the slightest consideration of its effect upon any land lying along it, or the payment by the city of compensation to any landowners for damages. But this statute requires the city to ascertain, by agreement, or appraisement by commissioners, the extent to which any land will be damaged by the vacation of a street, which damage the city is required to pay to the owner. It is not such damage as the owner may suffer in common with the public, but the impairment of the value of the land caused by the vacation of the street.

The question now presented is whether land abutting on a public highway over which access may be had to it from intersecting streets at each end of the block in which it is located, "will be damaged," within the meaning of our statute, by the vacation of a portion of the abutting street, so that direct access to it from one of such intersecting streets is prevented, although the land does not adjoin the part vacated, but only abuts upon a *cul-de-sac* created by the vacation; or are lands so affected not damaged in such peculiar or special manner as to justify the ascertainment and awarding of damages for the consequent impairment of their value? In Massachusetts the latter rule seems to have been adopted. In *Smith* v. *Boston*, 7 *Cush.* 254, suit was brought by a landowner for damages claimed to have resulted from the vacation of a portion of Market street. Some of the land was on Market street,

but part was not, and they were all accessible by other public streets. At the trial it was held that plaintiff could not prove damages because neither of his estates abutted on that part of Market street which was vacated, and the ruling was sustained on error in the Supreme Court. But the court said: "We do not mean to be understood as laying down a universal rule, that in no case can a man have damages for the discontinuance of a highway unless his lands bound upon it; although as applicable to city streets intersecting each other at short distances, it is an equitable rule." It did not appear in this case that the plaintiff's land was in the block along which a portion of the street was vacated; the inference to be drawn from the case, as reported, is that such was not the case. This case and others approving it was followed in *Stanwood* v. *Malden*, 157 *Mass.* 17, the court saying: "We express no opinion as to how we would have decided any of the foregoing cases had they arisen before us for the first time. It is enough to say that Smith *v.* Boston is intelligible, even if with justice it might have been more liberal." The Massachusetts rule has apparently been adopted by the courts of New York. This rule, as I understand the reasoning, rests upon the ground that in the cases decided the lands affected by the vacation suffered damage of the same kind as that sustained by lands held by the general public, differing only in degree, and therefore too remote.

In *City of Chicago* v. *Burcky*, 158 *Ill.* 103, the Supreme Court of Illinois had before it a case similar to that at present under consideration. There the plaintiff owned lands abutting on a street extending from one intersecting street to another, and the city vacated a part of that portion of the street, but not the part upon which plaintiff's land abutted, the vacated part, however, beginning at the corner of plaintiff's land, as in this case. In determining that the plaintiff had a right of action the court said: "What was originally a thoroughfare along the entire line of plaintiff's property, fronting on Sixty-first street, was by the action of the town turned into a blind court. No other property was damaged or affected in the same way. * * * The property

of the general public was not affected like plaintiff's, nor were the damages sustained by the plaintiff of the same kind."

*In re Melon Street*, 182 *Pa. St.* 397, it was held that although the land alleged to be damaged did not abut on the vacated portion of the street, the effect of the vacation was to create a *cul-de-sac*, and therefore the land was subject to special damage, and the owner entitled to compensation therefor.

In *Dodge* v. *Pennsylvania Railroad Co.*, 16 *Stew. Eq.* 351, the complainant filed his bill to restrain the Pennsylvania Railroad Company from obstructing Green street with an embankment at a point where it had been vacated for the purpose of allowing the company to, elevate its railroad. The questions raised there are not pertinent to this issue, and the case is referred to only because it is relied upon by the defendant in error. But whatever may have been said by the court in deciding that case must be read in connection with the fact stated in the opinion that plaintiff's title was not to lands "in that part of Green street, extending both north and south of the lands conveyed to the two next adjacent cross streets, but in that part of Green street which lay entirely beyond the two next adjacent cross streets," thus showing that access to it was not restrained to a *cul-de-sac*.

In *Kean* v. *Elizabeth*, 25 *Vroom* 462, it appeared that Schiller street crossed York street, on which prosecutor's land was located, between the land of the prosecutor and the vacated portion of York street, and the proceeding was to test the power of the city to vacate; no question of damages was presented, and in this court on error (26 *Id.* 337) the opinion of Chancellor, then Mr. Justice Magie, is confined to the question of the power of the city to pass the ordinance under review.

There is nothing to be found in the adjudged cases in this state inconsistent with the view that the right of the public in an open highway is of passage over it, and that this right the abutting owner has in common with the public, and suffers in common with it when deprived of such right by an obstruction to that use, and that there is in addition to this,

at least, a special right of access to his land from the next adjacent intersecting streets, over the highway on which it bounds, and that such right of access, in either direction the street allows, is a special advantage to the lands lying on it between any two intersecting streets. It is not a question whether the land adjoins the vacated portion or not, but rather will its value be impaired if deprived of one of the immediate means of access to it? We are of opinion that such right of access is of special advantage to all the land abutting a highway on a block between two streets, and that the vacation of a part of such street diminishes the value of all the land between the next adjacent cross streets, and that in appraising the damage to the lands of the plaintiffs in error the commissioners of assessment should consider to what extent, if any, such lands are diminished in value because deprived of one means of access, but should not allow any damages on account of the track elevation. The views adopted by the Supreme Court resulted in denying to Messrs. Kilburn and Osborne any right whatever to damages for the vacation of Lawrence street. Accordingly the judgment of that court in setting aside the award made by the commissioners of assessment did not provide for any new assessment to be made in favor of these landowners. The judgment of the Supreme Court should therefore be reversed, and a new judgment entered setting aside the award of damages under review by that court, and referring it back to the assessment commissioners to make a new award to the plaintiffs in error, Kilburn and Osborne, for the damages represented by the diminution of the market value of their lands caused by the vacation of the street, but without allowance for any diminution of value caused by the track elevation.

The judgment under review is reversed.

*For affirmance*—THE CHIEF JUSTICE. 1.

*For reversal*—THE CHANCELLOR, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 11.