Common Pleas Court of Hamilton County.

DAVID R. STANSBERRY ET. AL. V. CITY OF CINCINNATI.

(Decided October 7, 1930.)

*Alton E. Purcell,* and *Frank K. Bowman,* for plaintiffs.
*John D. Ellis,* city solicitor, and *John J. O'Donnell,* assistant city solicitor, for the city of Cincinnati.

*Maxwell & Ramsey,* for the Pennsylvania Railroad Company.

MACK, J.

In the abolishment of the grade crossing over the Pennsylvania Railroad tracks, at Beechmont Ave., and the scheme for the construction of the Beechmont Ave. viaduct, council of the city of Cincinnati by ordinance duly passed, provided among other matters for the vacation of such part of Hutton street as lies between the easterly side of the tracks of said railroad and Eastern Ave., on the westerly side, and the construction over such tracks of a concrete bridge for pedestrians, with suitable stairway at each end.

The ordinance provides for the ascertainment of any damages to the property owners, and for the sharing of the cost of the construction and such damages by the city and the Pennsylvania Co., in stated proportions.

Hutton street is a duly dedicated street in the city of Cincinnati, used for both foot passengers and vehicular travel to and from Eastern ave., over the tracks of the Pennsylvania Railroad for a considerable distance. There are many residences constructed on Hutton street. It is admitted that the effect of the construction of the concrete bridge will be to entirely prevent those living on Hutton street and in that immediate neighborhood reaching or passing from Eastern ave., by vehicles, which they can now do by short travel.

Plaintiffs, whose residence immediately adjoins the railroad tracks seek an injunction to prevent the construction of this concrete bridge, and the closing of their right of travel by vehicle over the tracks of the Railroad Co., to and from Eastern avenue.

The case has been submitted upon a supplemental petition, oral evidence, a view of the premises, the presentation of plats of the various streets, drawings of the proposed bridge and a copy of the ordinance in question.

It is undisputed, that whereas plaintiffs can now reach and pass from Eastern ave., with vehicle, by traveling a distance of about 125 feet, after the construction of the Beechmont ave., viaduct and the building of the foot bridge they will be compelled to travel a distance of about one mile to reach the same point. Evidence has been in-

troduced (subject to ruling upon its competency and relevancy) that during three floods of the Ohio river, the water reached such a stage, that if the same situation arises after the construction of the proposed foot bridge, plaintiffs would be entirely prevented in going to and from Eastern ave., except by boat or barge.

Evidence also has been introduced, that in order to reach plaintiff's garage, the driveway leading thereto from Hutton street either must be moved a distance of about three feet or that plaintiffs may possibly be able to drive under the platform of steps for the proposed foot bridge in order to have access, to and from their garage, into a part of Hutton street which is not vacated by the ordinance in question.

In view of the conclusion of the court, the foregoing matters become immaterial in the determination of the motion for a temporary restraining order.

It is undisputed law, that plaintiffs have an easement in the use of Hutton street for vehicular as well as foot travel, from one end thereof to the other, in either direction, and that such right is a valuable property right.

It is equally trite law that the high remedy of injunction will never be exercised except when there is no adequate remedy by law. See *Cincinnati Union Stock Yards Co.* v. *City of Cincinnati*, 20 C. C. (N. S.), 458; Same Case, 1 Ohio App. R., 452.

Council, in the exercise of what it conceived to be the existence of a continuous danger and possible menace to the safety of the public crossing the railroad tracks at Hutton street, is fully authorized under the provisions of Section 8874 *et seq.*, General Code, to undertake what is now proposed to be done. No court has the power to review that determination. 32 Corpus Juris, pages 266, etc., citing cases.

The ordinance in question declared it to be an emergency measure, necessary for the immediate preservation of the public peace, health and safety. Under the provisions of Art 1, Sec. 19, Constitution of Ohio and by the provisions of Section 8885, of the General Code of Ohio, under such circumstances, the ordinance may provide for

the ascertainment of any damage to property owners by reason of the matters in question, either before or after the completion of the proposed improvement. See also *Orr* v. *Cincinnati,* 17 N. P. (N. S.), 201.

Counsel for plaintiffs rely upon the provisions of Section 3729, General Code of Ohio, with reference to the effect of an order vacating a street, and which specifically provides: "But the right-of-way and easement therein of any lot owner shall not be impaired thereby." The Supreme Court of Ohio in the case of *Kinnear Mfg. Co.* v. *Beatty,* 65 Ohio St., 264, at 286, in a unanimous opinion rendered by Minshall, C. J., construed this section of the General Code of Ohio, then known as Section 2654, Revised Statutes of Ohio. The court held that the quoted language "creates no new right, but simply preserves such right as the lot owner had in the street by existing law." In other words, notwithstanding the vacation of the street, the lot owner continues to have a valuable right which can only be taken from him by just compensation awarded to him, as we have pointed out. This can be ascertained under the circumstances in this case, either before or after the proposed improvement, and by the express provisions of the ordinance, the compensation is to be determined *after* the proposed improvement.

The evidence above referred to which immaterial in view of the conclusion of the court, only emphasizes that plaintiffs have valuable rights which must *hereafter* be compensated in the manner prescribed by law.

The following cases, cited in the argument of counsel for the plaintiffs, explicitly recognize that if it is proposed to compensate for the taking of the easement for vehicular travel, etc., in the street, an injunction is not the proper remedy. *McQuigg* v. *Cullins,* 65 Ohio St., 649, at 654; *Railroad Co.* v. *Lawrence,* 38 Ohio St., 41; *Neudoerfer Silcox Co.* v. *Marting Bros. Co.,* 17 O. A. R., 287; *Cleveland Furnace Co.* v. *Railway Co.,* 9 O. N. P. (N. S.), 426; *Railroad Co.* v. *Moriarity,* 135 Tenn., 446.

It follows that the motion for a temporary restraining order will be denied and an entry may be made accordingly.