**EAST PARK UNITED METHODIST CHURCH, Appellee,**

v.

**WASHINGTON COUNTY, Tennessee, Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 6, 1977.

Certiorari Denied by Supreme Court May 1, 1978.

Brooks McLemore, Jr., Atty. Gen., Robert J. Ames, Asst. Atty. Gen., Nashville, Walter

L. Price, Johnson City, Thomas W. Patton, Sp. Counsel, Knoxville, for appellant.

Olen G. Haynes, Johnson City, for appellee.

## OPINION

PARROTT, Presiding Judge (E.S.).

In this inverse condemnation action Washington County appeals from a verdict and judgment of $15,000.00 awarded to the East Park United Methodist Church for the closing of a street near where the church is located, thereby terminating its right of ingress and egress and easement of way.

Washington County assigns as error: (1) the circuit judge's refusal to charge the jury that an abutting landowner, none of whose property has been taken, may not recover for injuries, damages and inconveniences not special to him but suffered in common with other members of the public; (2) the circuit judge's refusal to instruct the jury that circuity of travel and diversion of traffic are non-compensable, with any injuries or inconveniences therefrom being no different in kind but merely in degree from that sustained by the general public; (3) the circuit judge's refusal to charge the jury that designating highways as controlled-access highways is an exercise of police power and property owners whose property has not been taken, but suffers a depreciation in value, are not entitled to compensation; (4) the circuit judge's refusal to instruct the jury that persons purchasing property in the proximity of public roads do so with notice that they may be changed without compensation to the owner; and (5) there is no material evidence to support the jury verdict which is excessive and a result of passion, prejudice and caprice.

The appellee, East Park United Methodist Church, is located on the corner of the Grover Street and Pine Street intersection in Johnson City, Tennessee. When the church purchased this property, complete ingress and egress was afforded to and from the property and along Pine Street, which was constructed and maintained by the City. The Tennessee Department of Highways appropriated a portion of Pine Street, below the point where the church's property abuts the street, for the construction of the Appalachian Highway through the city. This appropriation closed a portion of Pine Street located between the church property and the next intersecting street, thereby creating what is generally termed a "cul-de-sac." This closing affected the church's easement of way over Pine Street and the right of ingress and egress to the church property from that street and the next intersecting road.

Following the first jury trial of this matter in which the church received a verdict of $16,000.00, a new trial was granted the County. The second trial resulted in a jury award to the church of $15,000.00 from which the County is now appealing.

 The first and second assignments of error can be consolidated as a requested instruction that an abutting property owner, whose property is not taken, cannot recover for damages and inconveniences from circuity of travel or diversion of traffic which are not special to him but shared by the general public. We find that this assignment of error is without merit based on the court's charge to the jury and the controlling Tennessee law in this area.

The circuit judge charged the jury in pertinent part:

. . . it is the established law in this State that the owner of property which abuts upon a public street has a right to ingress and egress between his property and the street and a right of passage in the street bounding his property. Members of the Jury, I charge you as a matter of law that such property right is called an easement of access or an easement of way in the street. I further charge you that such easement of way attaches not only to that portion of the street immediately adjacent to his property, but extends beyond his property and along the street on which his property abuts in either direction to the next intersecting street. Members of the Jury, I further charge you that such an easement

of way or easement of access is a property right which can not be taken or the value thereof seriously impaired without compensation to the owner to the extent if any that the property has diminished in value as a result thereof. Thus, Members of the Jury, if an obstruction is erected within these limits, that is within the limits of to the next intersecting street from the owner's property. If an obstruction is erected within these limits on the adjacent street so as to destroy or seriously impair a land owner's easement of access over said street and his right of ingress and egress to and from his property, this constitutes a taking of a property right for which compensation must be paid to the extent if any that the value of the property has been diminished. I further charge you that the right of ingress and egress even though a property right may be more or less valuable according to the property and the destruction and impairment of such a right is a proper matter of compensation only to the extent of the value of the right thus taken. I further charge you, Members of the Jury, that personal inconvenience or annoyance or discomfort in the use of property are not actionable types of injury and may not and should not be taken into consideration in this case.

The court's charge adequately and correctly states the law in Tennessee as it was established by our Supreme Court in *Illinois Central Railroad Company v. Moriarity*, 135 Tenn. 446, 186 S.W. 1053 (1916):

It is well settled by our former decisions that every abutting owner has a right of ingress and egress and that he has an easement of way in the street which bounds his property. We think it a just and fair result to hold that this easement of way or easement of access extends along any street or alley upon which his property abuts, in either direction, to the next intersecting street. An obstruction of the adjacent street within these limits is a taking of such private easement of way for which compensation must be made. (Supra at 458, 186 S.W. at 1055).

The court in *Moriarity* did not base this right to compensation on circuity of travel or inconvenience but on the abutting owner's separate and distinct property right in the use of the street to gain access to his property from highways intersecting within a one-block area. The court adopted the view that "the right of the public in an open highway is of passage over it, and that this right the abutting owner has in common with the public, and suffers in common with it when deprived of such right by an obstruction to that use, and that there is, in addition to this, at least a special right of access to his land from the next adjacent intersecting streets over the highway on which it bounds, and that such right of access, in either direction the street allows, is a special advantage to the lands lying on it between any two intersecting streets." *Illinois Central Railroad Company v. Moriarity*, supra at pp. 454–455, 186 S.W. at p. 1055, quoting from *Newart v. Hatt*, 79 N.J.Law 548, 77 A. 47, 30 L.R.A. (N.S.) 637. The obstruction of the owner's personal right to use the abutting street creates the special damage for which compensation must be paid, the amount depending on the extent of damage caused by the obstruction. The court properly instructed the jury that the loss of this property right to use the abutting street was compensable and that the amount of compensation was not to be determined by the inconvenience the closed street caused the church, but was to be based on the damage resulting from the loss of the property right. The circuit judge adequately instructed the jury on the law in Tennessee and it was not error to refuse the specific instructions requested by the County.

■ The County next assigns as error the court's refusal to charge the jury that closing Pine Street was an exercise of police power and property owners whose property was not taken but suffered a depreciation in value were not entitled to compensation. Although it is sometimes difficult to distinguish between the exercise of police power and the power of eminent domain in condemnation actions, the court in *Moriarity* made the following distinction:

The police power, although it may take property, does not appropriate it to another use as a general rule, but destroys the property. In eminent domain property is taken from the owner and transferred to a public agency to be enjoyed by the latter as its own. (Supra at 459, 186 S.W. at 1056)

Here, the appellee's easement of way along Pine Street was taken from the church and transferred to the County for the construction of the Appalachian Highway. The County has taken the exclusive use of the street which the Church formerly enjoyed and for this reason, the County must compensate the Church for the taking of this property right.

█ The appellant next argues that the circuit judge erred in failing to instruct the jury that individuals purchasing property near public roads do so with notice that they may be changed in the public interest without compensation to the owner. The appellee has a recognized property right in the use of the street abutting its property and this right is compensable under the laws of our State. Whether or not the church is charged with notice of a possible taking does not deprive the church of its right to compensation for the taking of its property interest without its consent. The appellant's assignment of error is without merit and accordingly overruled.

█ The County's final assignment of error addresses the jury's verdict arguing that: (1) there is no material evidence to support the verdict; (2) the verdict is excessive; and (3) the verdict is a result of the jury's passion, prejudice and caprice. The measure of damages where the property right taken is the right of access to an abutting street is the difference in the fair cash market value of the property prior to the taking or impairment of the access and its value after the taking and the construction of the project for which the property right was taken. See, *Brookside Mills, Inc. v. Moulton*, 55 Tenn.App. 643, 404 S.W.2d 258 (1965). The circuit judge properly instructed the jury on the determination of damages as follows:

You will take the fair cash market value of this church property on June 9, 1975, before Pine Street was closed. You will then take the fair cash market value of the church property upon the, after the street was closed on June 9, 1975. If the value after the closing of the street was less than the value before the closing of the street, whatever the difference in that value is, is the amount of compensation to be awarded to the East Park United Methodist Church in this case.

The appellee's two expert witnesses testified that the amount of damage to the property as a result of the closing of Pine Street was $15,750.00 and $29,000.00 respectively. The County's two expert witnesses testified that there were no damages suffered by the church in that the before and after value of the property remained the same and was not affected by the closing of the abutting street. The question of damages for the taking of private property is a question of fact to be decided by the jury. Here there was conflicting testimony concerning the effect of the closing on the church and the resulting damage to the church property. Since our scope of review in a jury trial is restricted to a determination of whether or not there is any material evidence to support the finding of the jury, we conclude the jury's award of $15,000.00, which was accepted by the circuit judge, could be derived from the evidence presented at trial. Based on our finding that there was material evidence to support the jury's verdict, we overrule the appellant's final assignment of error and affirm the lower court judgment.

Judgment affirmed with costs taxed to the appellant.