Mayor and City Council *v.* Catharine Nichol, *et al.*

MAYOR AND CITY COUNCIL *v.* CATHARINE NICHOL, *et al.*

1. MUNICIPAL CORPORATION. *Change of grade of streets.. Damages.* The corporate authorities having fixed the grade of a street, and it having been acquiesced in and conformed to by the owner of the property situated thereon, and his subsequent improvements having been constructed in conformity with such grade, the corporation must pay full damages resulting to such owner, in consequence of a subsequent change of the grade of the street.

2. SAME. *Same. Construction of Statutes.* It is the duty of Courts to give a liberal construction to Statutes in favor of the right of a citizen to be reimbursed for damages by city authorities, occasioned by works for the advantage of the general public.

3. PRACTICE. *Trial. Withdrawal of evidence.* It is error, even as a matter of discretion, to allow a party, on the trial, to withdraw material evidence from the jury, during the argument of the cause, and during the delivery of the charge of the Court.

FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

Mayor and City Council *v.* Catharine Nichol, *et al.*

GUILD & SMITH, and T. W. HALEY and T. L. DODD for Nichol.

LELLYET for the city.

FREEMAN, J., delivered the opinion of the Court.

This suit was brought by Mrs. Nichol and others, to recover damages to a house and lot, produced by a change of grade of the street on which the same was situated, under the direction of the corporate authorities of the city of Nashville; verdict was for the plaintiff, and an appeal was taken to this Court.

Two questions are presented for reversal. First, it is insisted the Court below erred in his construction of §§1392, 1393 and 1394, of the Code, the last Section being the one under which the suit was probably brought.

The first Section referred to, authorizes any owner of property within the corporate limits, who desires to build on or improve such lot, to apply to the corporate authorities, and requires such authorities to fix and establish the grade of the street or streets, on which the applicant proposes to build, that he may construct his improvements so as to conform to the grade established. The next Section provides, that " the authorities" shall pay such applicant full damages that he may sustain in consequence of any subsequent change of grade of such street by said authorities.

The last Section is : " Said corporate authorities shall also pay to any citizen who has made permanent and

valuable improvements on his property, situated on a street or streets, the grade of which, said authorities have neglected to establish, any material damage he may sustain in consequence of any grade which they may subsequently establish."

There is no little difficulty in construing these provisions. We think, however, it is the duty of the Court to give a liberal construction to Statutes in favor of the right of a citizen to be reimbursed for damages done to his property by city authorities, occasioned by works for the advantage of the general public. The citizen whose property is thus injured, ought not to be required to bear the entire burden, the benefits of which he shares perhaps very slightly, in common with other inhabitants of the city, the improvements frequently being of no personal advantage to him, whatever. The facts of this record, however, present the following case, and we can only construe the provisions of the Code, with reference to such facts.

In 1866, the grade of the street was raised by the corporation about three feet, and Nichol, the husband of plaintiff, raised the floors of the main building, so as to correspond with this new grade, adding, also, an extension to the street. This action of the corporation had fixed the grade in 1866, and though this was not done literally under §1392 of the Code, upon application, it had been acquiesced in and conformed to by the owner, who had constructed his subsequent improvements in conformity with this grade. In 1868, the grade was changed, the street raised about two feet, working

great inconvenience and damage to the property, in fact, rendering it unfit for rent to any but the lowest class of tenants.   Such a case is within the spirit and purpose of the Section.   This being so, by the next Section the. corporation is liable to pay full damages to such party, in consequence of a subsequent change of the grade of the street.   We think this construction meets the justice of the case, and carries out the real purpose of the Statute, though the case is not, as we have said, literally within its terms.   In this view of the question, there would be no error in the charge of his Honor, of which the corporation could complain, although he placed the right to recover on the provisions of a different Section of the Code from that on which we have put it in this opinion.

The next question is presented on the action of the Court in permitting the plaintiffs to withdraw certain deeds from the jury, during the argument of the cause, and also during the delivery of his charge to the jury. Plaintiffs had introduced various deeds constituting their chain of title to the lot.   A deed was introduced from F. R. Nichol, (the husband) and his wife, one of the plaintiffs, to Matthew Shie and wife, dated in 1867, and then a deed from said Shie and wife, conveying the property back to F. R. Nichol, the husband, alone. F. R. Nichol having died, Catharine, his widow, would only have been entitled to dower, the lot descending to his heirs.   Parol proof had been introduced of assignment of the lot in dower to the widow, but, on objection, the Court, in his charge, proceeded to state

that such proof was excluded from the jury, which left the widow without any title whatever. Thereupon the plaintiff proposed to withdraw the deed from Nichol and wife to Shie and wife, thus leaving the title as before that conveyance. The defendant objected to the withdrawal of this deed; the Court, however, permitted it, on the ground that defendant had originally objected to its introduction. In this we think there was error. It was wrong, even as a matter of discretion, to allow a party to withdraw evidence so material at this stage of the proceeding, and thus make a new case. It was most certainly wrong, after plaintiff had introduced evidence that was of advantage to his adversary, to allow him to withdraw it, and save himself from the consequence of his error, especially during the delivery of the charge, when it would. in most cases, be too late for defendant to get the benefit of it as independent testimony. For this error, the case must be reversed, and a new trial had.