Knoxville *v.* Harth and Knoxville *v.* Galbraith.

KNOXVILLE *v.* HARTH,

AND

KNOXVILLE *v.* GALBRAITH.

(*Knoxville.* October 6, 1900.)

MUNICIPAL CORPORATIONS. *Liability for damages caused by grading streets.*

A municipal corporation that permits a third person to grade its streets is liable for the resulting damages to the ingress and egress of the owners of abutting lots, although such grading was not authorized by any formal or valid action of the city authorities.

Acts construed: Acts 1891, Ch. 31; Acts 1893, Ch. 41.

Code construed: § 1988 (S.).

Cases cited: City *v.* Nichol, 3 Bax., 338; Memphis *v.* Lasser, 9 Hum., 760; Knoxville *v.* Bell, 12 Lea, 159.

FROM KNOX.

Appeal in error from Circuit Court of Knox County. JOSEPH W. SNEED, J.

R. L. CATES for Knoxville.

SANSOM, WELCKER & PARKER for Defendants.

WILKES, J. These are actions against the city by citizens and property owners for damages to

their property, which abuts on Cleveland street in the city.

It appears that one Lawson Irwin, a contractor, was employed by the trustees of Grey Cemetery to make some improvements on its property, which required the use of a large quantity of earth. He saw Mr. John J. Littleton, chairman, and John Hudiburg, associate member of the Board of Public Works, and from them obtained permission to get the earth from Cleveland street by grading it. The chairman directed the city engineer to establish a grade for the street, and he proceeded to do so, setting stakes for the guidance of Irwin. The city did not employ or pay Irwin for the work, but simply permitted him to get the earth from the street under the guidance of its engineer. The street had not been previously graded, and there was no action of the board directing it to be done nor establishing the grade, and no ordinance passed. The only authority for the work on the street was the permission given by Littleton and Hudiburg as individuals, and not as a board.

Plaintiffs property abutted on this street, and their ingress and egress was seriously injured by the grading, and their property was thereby depreciated materially in value. The trial Judge hearing the case without a jury, gave judgment for plaintiff Harth for $225, and in favor of plaintiffs Galbraith & Maloney for $75, and the

city has appealed. The counsel for the city makes no complaint of the amount awarded, and does not question the fact that damage was done, but the contention is that the work was not done by the city, nor primarily for its benefit; that the work was not authorized to be done by the city, but was done simply by permission of two of the three members of the Board of Public Works as individuals, and not in any board or official capacity, and under this state of facts the city would not be liable.

The charter of the city provides that the Board of Public Works shall have the exclusive power and control over the construction, supervision, cleaning, repairing, grading and improving all streets, alleys, etc., and to fix and establish the grade of all streets, alleys, avenues, and thoroughfares. If this street had been changed from the natural or a previously established grade by a valid act or ordinance of the city, it is conceded that under the Act of 1891, Chapter 31, as amended by the Act of 1893, Chapter 41 (Shannon, § 1988), the city would have been liable for damages to the property of abutting owners, but it is insisted that the changing in this grade was not the act of the city, and it cannot be held liable therefor. On the other hand, it is insisted that the city is liable for such damages, resulting from a change of grade, whether such grading was legally authorized or merely permitted to be done. The

language of the act is broad enough to cover such grading, no matter · by whom done, as the language does not refer to grading done by the city, but in general, and would embrace grading done by any other person. The Courts give a liberal construction to such acts in favor of the citizen when the work is for the benefit of the general public. *City* v. *Nichol,* 3 Bax., 338.

That this grading was a benefit to the city cannot be questioned, and while the city neither authorized nor ratified the act in any official manner, it did permit the street to be torn up and graded, to the injury of the plaintiffs and for its own benefit. A municipal corporation is the proprietor of its streets, which it holds in trust for the benefit of the corporation. The city must superintend, control, and regulate its streets, and it must so enforce measures of vigilance and care over them as not to cause or allow damage to others by their condition. *Nashville* v. *Brown,* 9 Heis., 2.

It cannot divest itself of its duty to superintend and control all improvements and repairs made by its agents, servants, and contractors. *Memphis* v. *Lasser,* 9 Hum., 760; *Knoxville* v. *Bell,* 12 Lea, 159.

Neither can it turn over to a third person the grading and control of one of its streets and escape responsibility for his act, which it permits and from which it receives benefit. If the city

permitted this work to be done, and received and used it after it was done, it would be liable on that ground; if it was a tortious act done by the sanction or permission of the corporation, it would be liable on that ground. 2 Dillon on Muncipal Corporations, Sec. ·710, 4th edition.

We are of opinion there is no error in the judgments of the Court below and they are affirmed with costs.