JOSEPH ACKER *v.* MAYOR and ALDERMEN OF KNOXVILLE
and
JOSEPH ACKER et ux. *v.* MAYOR AND ALDERMEN OF
KNOXVILLE.

(*Knoxville.* September Term, 1906.)

1. **MUNICIPAL CORPORATIONS.** **Not liable in damages to abutting owner for permitting steam railroad to occupy street beyond the extension of his line.**

The abutting landowner whose line extends to the center of the street cannot maintain a suit against the city to recover damages for its permitting a steam railroad to be built on the opposite side of the street, and beyond the line of such owner; and it seems that suit cannot be maintained against the railroad company for the mere building of the railroad. (*Post, pp.* 227, 228.)

Cases cited and approved: Railroad v. Bingham, 87 Tenn., 526; Harmon v. Railroad, 87 Tenn., 614; Smith v. Railroad, 87 Tenn., 626; Railroad v. Doyle, 88 Tenn., 748; Brummit v. Railroad, 106 Tenn., 124.

2. **SAME.** **Damages recoverable by landowner against the city for change in grade of street.**

For the change of the grade of a street by a city, a landowner is entitled to recover from the city such actual damages as occurred from the change in grading, with an abatement of incidental benefits arising from the improvement. (*Post, pp.* 230, 231.)

Code cited and construed: Sec. 1988 (S.).

Acts cited and construed: 1891, ch. 31; 1893, ch. 41.

3. **SAME.** Same. **Damage is difference between market value just before and after grading street.**

In an action by an abutting landowner against a city for damages resulting from the change in the grade of a street, the measure of his damages is the difference between the market value of his property just before the grading and just afterwards. (*Post, pp.* 231, 232.)

Acker v. Knoxville.

Cases cited and approved: Coleman v. Bennett, 111 Tenn., 705-716; Terminal Co. v. Lellyett, 114 Tenn., 368, 405.

4. **SAME.** Same. Same. Evidence of elements of damages admissible and to be considered.

In the abutting landowner's action against a city for damages in changing the grade of a street, evidence of the cost of a rock wall as a result of the grading, the possible impairment of the right of ingress and egress, the freedom of the property from the dirt and dust of the street, as a result of the improvement, and the rental value thereof, is admissible, and should be considered in determining the damages. (*Post, pp.* 228-232.)

Cases cited and approved: McKinney v. Nashville, 102 Tenn., 131, 137, 139; Railroad v. Hunton, 114 Tenn., 609-618.

5. **SAME.** Same. Same. Same. No damages recoverable under statute for inconvenience during progress of work, but by an independent action.

In the abutting landowner's action, under statute (Shannon's Code, section 1988), against a city for damages in changing the grade of a street, no recovery can be had for inconvenience resulting during the progress of the work; but, it seems, this might be made the subject of an independent action. (*Post, pp.* 232, 233.)

Code cited and construed: Sec. 1988 (S.).

Acts cited and construed: 1891, ch. 31; 1893, ch. 41.

6. **SAME.** Charge that city is not liable to abutting landowner for destruction of water pipes not owned by plaintiff is not prejudicial, when.

The court's charge, in an action by the abutting landowner against a city for damages in changing the grade of a street, that if plaintiff did not own the water pipes from the main in the street to his property line, then any injury to them should not be considered in arriving at the plaintiff's damages, was

117 Tenn—15

not prejudicial to plaintiff, where a railroad permitted to oc-
cupy the street employed the water company, which owned the
pipes, to repair  water connections at the railroad company's
cost when. such repair was made necessary by a change in the
grade of the street.  (*Post, p.* 233.)

## FROM KNOX.

Appeal from the Circuit Court of Knox County.—
JOSEPH W. SNEED, Judge.

TEMPLETON, LINDSAY & TEMPLETON, for Acker.

J. W. CULTON and CORNICK, WRIGHT & FRANTZ, for
Knoxville.

MR. JUSTICE NEIL delivered the opinion of the Court.

These two cases were consolidated and heard together
in the circuit court of Knox county.   The facts in each
are substantially the same, and the statement will be
made as if they constituted a single case.

The plaintiffs own three lots, located on the north
side of Dale avenue, in the city of Knoxville.   Their
line runs to the middle of the avenue.   Prior to 1904
the city graded the avenue, and the frontage of the lots
was then accommodated to that grade.   During the year
of 1904 the city regraded the avenue, cutting it down

about five feet, and permitted a steam railway company to build its track along the south side of the avenue between the center and the south margin, the railway line not touching the plaintiff's property. This action was brought against the city to recover damages alleged to have been sustained by the regrading. There was also a claim, put forward in the declaration, based on the theory that damages could be recovered by reason of the fact that the city had permitted the railway to be located in the manner above stated and operated along the avenue. The circuit judge withdrew from the consideration of the jury the claim based upon the second theory, and submitted the case simply for the damages caused by the regrading. There was a verdict rendered and judgment thereon in favor of Acker and wife for the sum of $200, and also a verdict and judgment in favor of Joseph Acker for the sum of $500. The plaintiffs not being satisfied with this result, moved for a new trial, and, on this motion being overruled, appealed to this court, and assigned errors.

The first, second, fourth, fifth, sixth, and seventh assignments are based upon the action of the circuit judge, on account of his withdrawal, in various forms, of the second theory above mentioned, from the consideration of the jury. We need not specify these assignments more particularly. We are of opinion that his honor committed no error in this action. The city had the right to permit the railway company to build its line upon the avenue, without the consent of the plaintiffs. It did not

run over any part of their property, but entirely beyond their line. There was no wrong done, therefore, to the plaintiffs, and no right of action accrued to them on account of the location of the road in the avenue. If the railway company improperly conducted its business, so as to cast a special burden upon the plaintiffs, that would be a matter for which they could call the company to account, but not the city. They could not sue either the city or the railway company merely because a railroad was built on a public street, if such railroad should be located beyond the line of the plaintiffs' lots, and, so, not an additional burden on the fee. The substance of what has just been said will be found in *Brummit* v. *Railway Co.,* 106 Tenn., 124, 60 S. W., 505; *Railroad Co.* v. *Bingham,* 87 Tenn., 526, 11 S. W., 705; *Harmon* v. *Railroad Co.,* 87 Tenn., 614, 11 S. W., 703; *Smith* v. *Railroad Co.,* 87 Tenn., 626, 11 S. W., 709; and *Railroad Co.* v. *Doyle,* 88 Tenn., 748, 13 S. W., 936, 9 L. R. A., 100, 17 Am. St. Rep., 933.

The eighth assignment raises an objection to the measure of damages fixed by the circuit judge.

Upon this subject, his honor, after instructing the jury that they should ascertain the market value of the plaintiffs' lots just before the grading was begun and just after it was finished, and should allow the difference as damages, proceeded:

"You have been permitted to hear proof in this case of what it would cost to establish and build a rock wall in front of these premises; that is permitted as a circum-

Acker v. Knoxville.

stance, as in incident to the damages in this case, but it is not, as you see from my instruction, a criterion to go by in assessing damages, if you find there are damages, but it is a circumstance, which like the rent of the property, if it is equal to, or more than, it was before, that is a circumstance permitted to be proved in this case, but the fact that it rents for the same, or more, is not conclusive that there was no damage in the case. It is for you to say what the value and effect of these circumstances are, taken in connection with all the other facts and circumstances of the case, as well as the law of the case, as the court has undertaken to explain.

"If you should be of opinion that the market value of this property was equal to, or greater than, the market value of it before the grading of this street was entered upon, and you should be of the opinion that it is owing to a general increase in the value of property in common with all other property in that neighborhood, or in the city of Knoxville, growing out of the fact that additional facilities have been furnished to the citizens, or that the grading of this street has been more advantageous to all parties adjacent thereto and living upon that avenue, then these are considerations that the jury must disregard and not be guided by in coming to their conclusion in this case, for the reason that benefits and advantages and general increase of property shared in by a community as a whole cannot be looked to for the purpose of placing it to the disadvantage of a particular owner, who brings an action of this character."

His honor also charged that if the street should be half graded and not graded to the whole width, this would be a negligent grading of the street, or an obstruction thereof, and that the plaintiffs would have the right to have this taken into consideration to the extent that their use of the street in the way of ingress and egress had been impaired.

He also charged: "If there is any special benefit to this particular piece of property, if you should be of opinion for instance that the leaving of these lots on a higher grade from that of the street, after it was lowered, made these particular lots more desirable for residence purposes, by reason of not coming in contact with the dirt or any filth that may accumulate on the street, then the jury may take that into consideration in the estimate of damages, and to the extent that it is a benefit, it should be looked to by the jury to reduce damages which otherwise the plaintiffs would have been entitled to recover in this lawsuit, if you find plaintiffs are entitled to recover at all."

The statutes upon which the right of action is based are Acts 1891, p. 67, c. 31, section 1, and Acts 1893, p. 53, c. 41, the latter amending the former. The law as amended is correctly stated in section 1988 of Shannon's Code, which is as follows:

"1988. When any owner of real estate in any town or city in the State of Tennessee shall sustain any damage to his property by reason of any change made in the natural or established grade of any highway or townway in

any city or town in the State, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the said owner shall be paid all damages therefor by such cities and towns within said State, which damage may be recovered before any court of competent jurisdiction, at any time in one year from the completion of, or the cessation of, such works, acts, or improvements; but all benefits accruing by reason of such improvements, acts, or works shall be allowed to affect, reduce, and offset the damages herein provided for.    (1891, ch. 31; 1893, ch. 41.)"

We are of opinion that his honor's charge stated a fair and reasonable rule.  The damages for which an action is given in the section quoted are such actual damages as occur from the grading, and the abatements indicated are those arising out of the incidental benefits of the improvement.  His honor properly directed the attention of the jury to the cost of a rock wall required as a result of the grading, and to the possible impairment of the right of ingress and egress, and on the other hand, as a benefit, to the freedom of the property from the dirt and dust of the street after the making of the improvement.  These incidents would be all such as one would take into consideration in estimating the value of the property, after the grading had been completed.  So that the test of the difference between the market value, just before the grading and just afterwards, would be a true one, and would indicate the real injury suffered; the in-

cidents referred to sufficing to direct the attention of the jury to the special elements of the injury and the benefits arising out of the grading, and necessary to be taken into consideration in forming an estimate of the value of the property, before and after.

Nor do we think it was improper to call attention to the rental value. This was a circumstance which the jury might properly look to in estimating the market value in analogy to the rule obtaining in condemnation cases, where it becomes necessary to ascertain the market value. *McKinney* v. *Nashville,* 102 Tenn., 131, 137, 139, 52 S. W., 781, 73 Am. St. Rep., 859; *Railroad* v. *Hunton,* 114 Tenn., 609-618, 88 S. W., 182.

Further, the cases hold that the measure of damages for a permanent injury to land is the depreciation in market value of the property by reason of defendant's wrong once for all. *Coleman* v. *Bennett,* 111 Tenn., 705-716, 89 S. W., 734. See, also, *Terminal Co.* v. *Lellyett,* 114 Tenn., 368, 405, 85 S. W., 881.

The ninth assignment of error is based upon the action of the circuit judge in giving in charge to the jury the following instruction offered by the defendant, viz:

"I charge you that the plaintiffs can recover alone by reason of the change in the grade, and any inconvenience sustained by them during the progress of the work could not be looked to by you, in ascertaining the amount of damages they are entitled to, if any."

There was no error in giving this instruction. Such damages as are referred to in the request, resulting from

inconvenience merely, might be made the subject of an independent action, but not of an action under the statute above quoted.

The tenth assignment is based upon the action of the circuit judge in giving the following to the jury, upon request of the defendant.

"I charge you that if you find the plaintiffs did not own the water pipes from the water main in the street to plaintiffs' property line, but that such pipes were the property of the Knoxville Water Company, then this would not be an element to be considered by you in arriving at the amount of damages."

The substance of the evidence on this point was that to one of the lots the connection was restored, without expense to the plaintiffs, immediately after the grading was done, and has been constantly used since. As to the other two lots, the testimony is that they were cut off several years before the grading was done; that is, the water was cut off. The pipes were severed when the grading was done. The plaintiff Acker testifies that whenever he wishes the connection made, he will have to pay for tapping the main. An officer of the water company was introduced, however, who testifies that the company is under contract with the railroad company, that was permitted to go upon the street, to restore the connection whenever desired, and at the expense of the company. Under these circumstances, we do not think there was any harm done by the instruction.

We have hitherto passed without remark the third as-
signment, which is that there is no evidence to support
the verdict of the jury.    This assignment, however, is
not pressed in the brief of counsel, nor could it be prop-
erly, since there is evidence to support the verdict.

It results that there is no error in the judgment of
the court below, and it must be affirmed, with costs.