MAYOR AND ALDERMEN OF KNOXVILLE *v.* BARTON.[*]

(*Knoxville.*   September Term, 1913.)

1. **MUNICIPAL CORPORATIONS.  Public improvements.  Damages.  Changing grade of streets.  "All benefits accruing."**

Under Acts 1891, ch. 31, as amended by Acts 1893, ch. 41, the first section of which allows to an abutting property owner consequential damages incident to changing the grade of a street, and the second section of which provides that "all benefits accruing" from such improvements shall be allowed to reduce the damages, "all benefits accruing" means accruing to the owner as owner of the particular property, not as a taxpayer or resident of the vicinity sharing benefits common to all.   (*Post, pp.* 178, 179.)

Acts cited and construed:  Acts 1891, ch. 31; Acts 1893, ch. 41.

Case cited and approved:  Humes v. Knoxville, 20 Tenn., 403.

2. **MUNICIPAL CORPORATIONS.  Public improvements.  Damages.  Changing grade of streets.**

Acts 1891, ch. 31, as amended by Acts 1893, ch. 41, secs. 1, 2, relating to the allowance of damages to abutting property owners from a change in the grade of a street and the deduction of benefit, is to be given a liberal construction in favor of the citizen affected.   (*Post, p.* 179.)

Cases cited and approved:  Nashville v. Nichols, 62 Tenn., 338; Knoxville v. Harth, 105 Tenn., 436; Chattanooga v. Geiler, 81 Tenn., 611; Acker v. Knoxville, 117 Tenn., 224.

Code cited and construed:  Code (T. & S. and 1858), secs. 1392-1394.

FROM KNOX.

---

[*]On the question of the duty of a property owner to minimize damages from change of street grade, see note in 44 L. R. A. (N. S.), 301.

128 Tenn. 12

Error to Circuit Court, Knox County.—VON. A. HUFFAKER, Judge.

W. T. KENNERLY, for plaintiffs in error.

GREEN, WEBB & TATE, for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit must turn for solution on the construction of Acts 1891, ch. 31, as amended by Acts 1893, ch. 41, the first section of which allows to an abutting owner consequential damages incident to a changing of the grade of a street, and the second section of which is as follows:

"No benefits accruing by reason of such improvements, acts or works shall be allowed to . . . reduce" and offset "the damages hereinbefore provided for."

The contention in behalf of the city is that the trial judge erred in charging the jury, in substance, that the city was only entitled to set off against plaintiff Barton's damages, growing out of the change of the grade of the street alongside her property, only such incidental benefits as were special and peculiar to that property, and not those benefits which were common to all other property in the locality as incident to the improvements. The argument in behalf of the city is that at common law a municipality was not liable to an abutting owner for a change of street grade (*Humes*

v. *Knoxville*, 1 Humph., 403, 34 Am. Dec., 657), and that, the remedy granted such owner being purely statutory, the language of the statute should not be restricted by judicial construction, and that the provision of section 2, "that *all benefits* accruing by reason of such improvements *shall* be allowed to affect or reduce and offset the damages," by fair and necessary intendment includes benefits that are common to all owners in the vicinity as well as those that are special.

This court has, however, adopted the rule that a liberal construction shall be given to such statutes in favor of the rights of the citizen affected. *Nashville* v. *Nichol,* 3 Baxt., 338; *Knoxville* v. *Harth,* 105 Tenn., 436, 58 S. W., 650, 80 Am. St. Rep., 901.

In no reported case does it appear that, on an appeal and assignment of error by a municipality, has this provision of the statute been construed.

An earlier statute (Code 1858, secs. 1392-1394), which provided for compensation to the owner in "the full amount of damages" suffered by a change of grade, was construed not to provide for any mitigation of damages by reason of benefits common to all property holders. *Chattanooga* v. *Geiler,* 13 Lea, 611, 618. The report of this case is defective in omitting the word "not" from the phrase "could mitigate" in the body of the opinion. This is manifest from the headnote, which includes that word, from the context and the attitude of the city as the appealing party and ex-

ceptant, and also from the authority cited by the court in support of the ruling.

The statute now under construction was discussed by this court in *Acker* v. *Knoxville,* 117 Tenn., 224, 229, 96 S. W., 973, 975, and a charge of the trial judge approved and embodied a statement "that benefits and advantages and general increase in property shared in by a community as a whole cannot be looked to for the purpose of placing it to the disadvantage of a particular owner, who brings an action of this character." The abutting owner, and not the city, was the appealing party, and the particular rule here under discussion was not, therefore, in challenge or review.

Recurring to the terms of the second section of the statute, as amended, we hold that the clause "all benefits accruing" means accruing to the owner, as owner of the particular property affected, and not as a taxpayer, or resident of the vicinity sharing benefits common to all.

Other assignments of error urged by the city have been considered, and, without discussion here, are held to be either immaterial or not well taken; the result being an affirmance of the judgment of the court of civil appeals.