CITY OF KNOXVILLE *et al. v.* SUSIE PHILLIPS.

*(Knoxville,* September Term, 1930.)

Opinion filed March 16, 1931.

DANIEL J. KELLY and CHAS. H. SMITH, for plaintiff in error.

JOHN J. JENNINGS, JR., and M. E. HARTMAN, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Mr. and Mrs. Phillips instituted this suit against the City of Knoxville to recover damages to property as a result of a change in grade of a street. The jury returned a verdict in favor of the owners for $2500. The trial court ordered a *remittitur* of $750, and entered judgment for $1750, which was affirmed by the Court of Appeals, and the city has filed a petition for writ of *certiorari*.

Broadway is one of the principal thoroughfares in the City of Knoxville, and, generally speaking, runs north

and south. Mr. and Mrs. Phillips, in the summer of 1928, purchased a tract of land of 2.4 acres, with a frontage of 268 feet on the west side of and flush with Broadway. They paid $6,000 for this property, and subsequently erected a dwelling thereon at a cost of $2,000. The track of the Southern Railway runs diagonally across the southeast corner of this lot, and near its northeast corner crosses Broadway at grade. This was a dangerous crossing, to eliminate which the city and the railway, in the fall of 1928, began the construction of an underpass some fifty or sixty feet east of the old crossing. This necessitated a relocation of Broadway in front of the Phillips property. Old Broadway was twenty feet in width. In relocating this street the city removed the east half thereof, the excavation in front of the Phillips property being from twenty to twenty-five feet in depth. On the east embankment of the remaining portion of the street the city constructed a guard fence. As a result of this change, the street adjoining the Phillips property is now about ten feet in width. There is testimony to the effect that the entrance to the property is more inaccessible; that there is no room on the street for parking automobiles; that the street is not wide enough for automobiles to pass; and that the approach from the new to the old street at each end is steep and difficult.

Under practically all of the authorities Mr. and Mrs. Phillips had an easement in this street. In these circumstances we are of the opinion that the easement of Mr. and Mrs. Phillips in this old street has been materially impaired, and that the property would be worth considerably more if located on the street as it existed before the change was made. The evidence further shows that with a twenty-foot street the triangle east of the right of way of the railroad could be utilized for a filling

station, or other commercial use, but that it is not susceptible to such purpose in its present situation.

■ Section 1988 of Shannon's Code is as follows:

"When any owner of real estate in any town or city in the State of Tennessee shall sustain any damage to his property by reason of any change made in the natural or established grade of any highway or townway in any city or town in the state, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the said owner shall be paid all damages therefor by such cities and towns within said state, which damage may be recovered before any court of competent jurisdiction, at any time in one year from the completion of or the cessation of such works, acts, or improvements; but all benefits accruing by reason of such improvements, acts, or works shall be allowed to affect, reduce, and offset the damages hereinbefore provided for."

This statute is liberally construed in favor of the rights of the citizen affected. *Knoxville* v. *Harth* and *Knoxville* v. *Galbraith,* 105 Tenn., 436.

■ Counsel for the city insist that because the grade of the west half of Broadway was not changed these property owners do not come within the purview of the act. The statute does not so provide, and to give it this narrow construction would defeat the very purpose the legislature had in mind.

In 20 Corpus Juris, 703, it is said: "Narrowing a street on which a lot abuts entitles the owner to compensation if he is specially injured thereby."

In 44 Corpus Juris, 431, the following appears: "An act providing for compensation for injury resulting from a change of street grade will include a change in the

grade of a sidewalk; and liability will attach under such an act whether the entire width of the street or only a part thereof is graded."

■ The purpose of our act is the compensating of an abutting owner for the decrease in value of his property as a result of any substantial change in the street.

As was said by the Indiana Court in *Indiana B. & W. R. Co.* v. *Eberle,* 110 Ind., 542, 59 Am. Rep., 225, 11 N. E., 467: "The interest in the street which is peculiar and personal to the abutting lot owner, and which is distinct and different from that of the general public, is the right to have free access over it to his lot and buildings, substantially in the manner he would have enjoyed the right in case there had been no interference with the street."

In *Vanderburgh* v. *Minneapolis,* 98 Minn., 329, 6 L. R. A. (N. S.), 744, 108 N. W., 480, it was said: "that the owner of a lot abutting on a public street has, as an appurtenance to the lot and independent of his ownership of the fee of the street, an easement in the street to the full width thereof, which easement is subordinate only to the public right; and that any act of the public authorities which materially deprives him or materially interferes with the enjoyment of his easement is a taking of private property within the meaning of the Constitution."

The rule announced in the foregoing cases is supported, in principle, by the decision of this court in *Railroad* v. *Moriarity,* 135 Tenn., 446.

■ Entertaining these views with respect to the interest of an abutting lot owner on a street, this court has said that the measure of damages in such case is the depreciation in the market value of the property by reason of the change made in the grade. *Coleman* v. *Bennett,*

111 Tenn., 716; *Acker* v. *Knoxville*, 117 Tenn., 228; *Railroad* v. *Hinds*, 134 Tenn., 319.

It is said that the judgment is excessive. The evidence as to the difference in market value due to changing the grade of the street ranges from nothing to five thousand dollars. Visualizing the situation before and after the change, we are of the opinion that the damages allowed are reasonable.

There can be no question but that this property was further depreciated in value by the relocation of Broadway and the diversion of traffic from the old to the new street; but the court specifically charged the jury that they could not consider these matters in computing the damages, and there is nothing in the record to indicate that they were considered. The evidence as to the diversion of traffic was harmless, was most likely already known by the jury, and they, as reasonable men, were bound to know it after the situation existing before and after the change had been shown.

Counsel for the city made the further point that the triangular lot had been severed from the main lot by the railroad right of way, and since the latter did not abut upon Broadway the owners were entitled to recover no damages for injury thereto.

The trial court very correctly held otherwise. The railway company only had an easement, the fee being in Mr. and Mrs. Phillips. The grant of a right of way to a railroad company is the grant of an easement merely, and the fee remains in the grantor. *McLemore* v. *Railroad*, 111 Tenn., 657; 51 Corpus Juris, 539. That the railway only had an easement in this property can hardly be questioned upon this record.

In the deed to Mr. and Mrs. Phillips it was stated: "There is also excepted from this conveyance the right of way owned by Southern Railroad, extending across the southeast corner of this property." The deed to the predecessor of Southern Railroad is styled as follows:

"Right of way
"Wm. Roberts & wife
          "to
"Powells Valley R. R. Co."

The instrument then proceeds as follows:

"Know all men by the— Presents. That in consideration of the benefit that will accrue to us from the construction of the Powell's Valley Railroad and one dollar paid receipt whereof is hereby acknowledged we, Wm. Roberts and his wife Caroline Roberts, have sold and hereby convey to the Powell's Valley Railroad Company the following described land situate in Knox County, Tennessee, and being a strip sixty-six feet wide through the following described lands," etc.

By agreement of counsel the jury assessed the damages to the lots on the west and east sides of the right of way separately. This was not necessary, but since it was done by consent, no question can be raised as to this procedure.

After a full consideration of the case, we feel that the judgment is a just one, that it is well supported by the evidence as well as the surrounding facts and circumstances, and therefore deny the petition for writ of *certiorari*.