McDonald *v.* Scott County *et al.*

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

Jennings & O'Neil, of Knoxville, for plaintiff.

Fowler & Fowler, of Knoxville, and Howard H. Baker, of Huntsville, for Town of Oneida.

Joel H. Anderson, of Knoxville, for Scott County.

Mr. Justice DeHaven delivered the opinion of the Court.

This suit was instituted by plaintiff, Frazier McDonald, against Scott county, Tennessee, and the town of Oneida, an incorporated municipality, located in said county, to recover damages alleged to have been suffered by him by reason of the raising of the grade of the highway, or street, in front of his property. Demurrers interposed by defendants to the declaration were sustained by the trial judge and the suit dismissed. Plaintiff has appealed to this court and assigned errors.

The determinative facts set forth in the declaration are substantially as follows: Plaintiff was the owner of about two and one-half acres of land situated upon the south side of United States highway No. 27, within the town of Oneida, upon which land plaintiff owned a large brick garage and a substantial dwelling house; that in said garage he conducts a garage business and motor sales agency; that his said land fronts about 300 feet upon said highway and was on a level therewith prior to the matters complained of in the declaration; that in March, 1934, the defendants, in conjunction with and under agreement with the state highway department, approached plaintiff and acquired from him a strip off the north side of his said premises, approximately fifteen feet in width and 300 feet in length, for the purpose of widening and reconstructing said highway in front of and in both directions from said property; that defendants and the representatives of the state highway department, acting in concert and under agreement to acquire this strip of land from plaintiff, represented to him that there would be no change in the grade of said highway in front of his property, and that, relying upon said representation, he granted said strip to Scott county for the purposes aforesaid; that said highway constructed through the town of

Oneida was a link of said highway constructed through Scott county and was for the use and benefit of all the citizens of Scott county; that in April, 1934, the defendant, in co-operation with the state highway department, began the reconstruction of said highway through the town of Oneida, and in front of plaintiff's said property, and in so doing raised the grade and surface of said highway to a height of approximately three feet above the established or natural grade immediately in front of plaintiff's property and for a long distance in both directions therefrom; that the raising of said grade has injured and depreciated the value of plaintiff's property, both for residence and business purposes, by obstructing his ingress to and egress from his property, and by said highway acting as a dam in front of plaintiff's property, causing water to back up in same in rainy seasons. That said change of grade was made without plaintiff's consent and without any compensation to him.

It is further averred that defendants, prior to the building of said highway, had entered into an agreement to co-operate therein with the state highway department, and that defendant, town of Oneida, by appropriate resolutions of its board of mayor and aldermen, agreed to furnish a right of way within its corporate limits and waive any and all rights that it had or might have to reimbursement from the state for a right of way under the provisions of chapter 57 of the Public Acts of 1931, and to save harmless the state highway department from any and all suits brought by reason of the construction of the highway through the town.

The contentions made by Scott county in its demurrer are, in substance: (1) That the county is not liable to the plaintiff for damages, under the facts stated in the dec-

laration, because the street, the grade of which plaintiff charges was altered to his damage, is entirely within the corporate limits of the town of Oneida, and the county had no right, authority, or power to enter said municipal corporation and engage in the construction of a street therein, since the streets of a municipal corporation are within the exclusive jurisdiction and control of the corporation; (2) that the county had no right, power, or authority to enter into a contract with the town of Oneida for the construction of a street within the limits of said town, or to enter into a contract with the department of highways and public works for the construction of such a street; (3) that even if the county authorities, as a matter of fact, did co-operate with the town, or with the highway department in the regrading of said street, it incurred no liability on account thereof, since under the law of Tennessee municipal corporations alone are liable for damages incident to the regrading of their streets; (4) that the action of plaintiff sounded in tort, and the county could not be liable for the torts of its agents or servants in and about the character of work set forth in the declaration, since the work appertained to the county in its governmental capacity.

The contentions made by the town of Oneida in its demurrer are, in substance: (1) That the declaration shows that the plaintiff conveyed to the defendant a strip of land in front of his property and along and over which United States highway No. 27 was regraded and reconstructed, and that plaintiff parted with his title thereto, and that said title was acquired by defendants, and therefore plaintiff shows no cause of action; (2) that the town of Oneida is not liable to plaintiff on account of its representatives falsely representing to him that the grade

of said highway would not be changed by reconstruction work, because the alleged fraud complained of cannot be inquired into in a court of law, and because the declaration shows that such alleged representations were made by representatives of the state highway department and this defendant cannot be bound thereby; (3) that it appears from the declaration that all the work in question was done in the improving of United States highway No. 27, which is a part of the state highway system and of the federal government, and further shows that this defendant furnished the required right of way therefor, and under the laws of the state no liability exists on the part of this defendant; (4) that this defendant was without statutory or implied power to create liability on its part for any resulting damages which might grow out of the reconstruction of said highway; (5) that this defendant is not liable to plaintiff on account of diversion of the natural drainage and flooding his property, because all the actual construction work was done by the representatives of the state highway department; (6) that this defendant is not liable to plaintiff because he granted and conveyed to defendant the land and right of way for the reconstruction of said highway, and all alleged incidental damages are a necessary and essential part of such right of way so conveyed.

It is assigned as error that the trial judge erred in holding that neither the county nor town was liable to him for the damages alleged and in sustaining the demurrers.

(1) It is our opinion that the trial judge was not in error in sustaining the demurrer of Scott county. The right and authority to select the street in the town of Oneida through which traffic over highway No. 27 should

380

be routed is by statute delegated to the department of highways and public works. Code, section 3246. The county was without legal authority to participate in the routing of said highway through the town, or to make any agreement with plaintiff with reference to the grade of the street, or construction thereof. The officers of a county have only such powers as are conferred upon them by statute, and cannot bind the county when acting outside the scope of their duties as defined by the statutes of the state. *Shelby County* v. *Memphis Abstract Co.*, 140 Tenn., 74, 203 S. W., 339, L. R. A., 1918E, 939; *Henry* v. *Grainger County*, 154 Tenn., 576, 290 S. W., 2; *State* v. *True*, 116 Tenn., 294, 95 S. W., 1028. One dealing with a county is bound at his peril to take notice of the limitation of its authority. *State ex rel.* v. *Lebanon & Nashville Turnpike Co.*, 151 Tenn., 150, 268 S. W., 627. The representations alleged in the declaration to have been made to plaintiff, by representatives of the county, with reference to the grade of the highway in front of his premises, having been made without legal authority, are not binding on the county.

The first assignment of error must, therefore, be overruled.

(2) We think that the trial judge was in error in sustaining the demurrer of the town of Oneida. This defendant is an incorporated municipality and is organized for the care of its own streets and roads. While under section 3246 of the Code, the department of highways and public works had the sole jurisdiction over the selection of the street in the town, over which traffic should be routed, it was the duty of the town to construct or maintain the street so designated, to the width of eighteen feet, for the cost of which it was entitled to be reim-

bursed by the state (Code, sections 3242, 3243, 3244), unless the resolution adopted by the mayor and board of aldermen of the town released the state from this obligation, a question not presented here.

If, in performing the work of construction of the street in front of plaintiff's property, over which highway No. 27 was routed, the town changed the grade of the street, and thereby caused the damages alleged in the declaration, it would be liable to plaintiff to the same extent that municipalities generally are made liable for change of grade in a street. Section 3404 of the Code is as follows: "When any owner of real estate in any municipality shall sustain any damage to his property by reason of any change made in the natural or established grade of any highway, street or alley, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the owner shall be paid all damages therefor by such municipality, which damages may be recovered by suit brought at any time in one year from the completion of or the cessation of such works, acts, or improvements; but all benefits accruing by reason of such improvements, acts, or works shall be allowed to affect, reduce, and offset the damages hereinbefore provided for."

This statute must be liberally construed in favor of the rights of the landowner affected thereby. *City of Knoxville* v. *Phillips*, 162 Tenn., 328, 36 S. W. (2d), 434; *Mayor & Aldermen of Knoxville* v. *Barton*, 128 Tenn., 177, 159 S. W., 837.

The question is made by the first and sixth grounds of the town of Oneida's demurrer that it is not liable to plaintiff for the damages alleged because he granted and conveyed to defendant the land for the widening and re-

construction of said highway. It is urged that all incidental damages are an essential part of such right of way so conveyed. However, it is averred in the declaration that it was represented to plaintiff by defendants that there would be no change of grade made in the highway. It does not appear that plaintiff sought the improvement or assented to the change of grade, or in any way estopped himself from claiming damages caused by the work of reconstructing the street in a manner contrary to that represented to him. If the town secured the conveyance from plaintiff by representing to him that no change would be made in the grade of the street, plaintiff cannot be held cut off by his deed from asserting a claim for damages caused by a change of grade.

This representation may be shown in the action at law. *Conrad* v. *Interstate Life & Accident Ins. Co.*, 141 Tenn., 14, 206 S. W., 34, where it was held that fraud in securing an accord and satisfaction may be shown in an action at law.

All questions made in the case have been given consideration, and we feel constrained to reverse the judgment of the trial judge sustaining the demurrer of the town of Oneida and remand the case. Appellant, Frazier McDonald, and defendant town of Oneida will each pay one-half of the costs of the appeal.

Mr. Joel H. Anderson, attorney for Scott county, has petitioned the court for the allowance of an additional attorney's fee to him, under section 1059, subsection 1, of the Code. We do not feel that the allowance asked should be granted without giving the county an opportunity to be heard, consequently an order of reference will be taken to the clerk of this court, at Knoxville, to take proof and report to this court what additional fee, if any, should be allowed petitioner.