TOWN OF ONEIDA v. HAIL.—105 S. W. (2d) 121.

Petition for Certiorari denied by Supreme Court, May 1, 1937.

Howard H. Baker, of Huntsville, for plaintiff in error.

I. J. Human, of Oneida, and Ronald Hail, of Knoxville, for defendant in error.

PORTRUM, J. The plaintiff below, C. B. Hail, filed this suit in the circuit court against Scott county and the Town of Oneida, to recover damages for the change in widening the grade of a designated state highway over and across his property in the town, causing him a loss of actual and incidental damages in the sum of $2,000, for which he sues. This highway was improved by widening and paving by the State Highway Department acting in conjunction with the federal government, having first required the authority of the county and town to first procure a designated right of way. Both the town and the county filed a demurrer to the petition or declaration, and these demurrers were sustained by the trial judge and the case appealed to the Supreme Court, and the court reversed the trial judge as to the Town of Oneida, but affirmed his decree as to the county. McDonald v. Scott County, 169 Tenn. 374, 87 S. W. (2d) 1019.

Upon a remand the case was heard before the trial judge without the intervention of a jury, one having originally been demanded but waived. The plaintiff in error raises the point that the case is tried in this court de novo under the recent act, while the defendant in error insists upon the rule that, if there be any evidence, then the case must be affirmed for the reason that a jury was originally demanded, and the fact that the parties waived a jury did not destroy its status as a jury case. It is not necessary to pass upon this issue, for the court is of the opinion that the proof establishes by a preponderance of the evidence the liability of the town and the adequacy of the judgment recovered, namely, $500.

Formerly, the town had acquired a right of way sixty feet wide for this street, and at the time of the improvement there was a gravel or oil road upon the street which ran through a cut six feet high at

one corner of the plaintiff's property, tapering back throughout the distance of the lot. The wall of this cut at the top did not coincide with the right of way line, there being two or more feet. After paving the grade is practically the same as before, the grade having been lowered for the purpose of constructing a base of concrete for the road with a paving of brick on top, and, while the grade was lowered a few inches, probably six, it was restored by the concrete and brick to practically the same grade, but the road was widened. And the widening of the road necessitated the widening of the right of way, making it necessary to condemn or take additional land from the plaintiff to properly construct the road.

Formal proceeding was not filed to acquire additional land, but the contractor was directed to make the line of the top of the cut upon the right of way line and to cut the wall perpendicular if necessary in order to stay upon the right of way; it was not necessary to cut the wall perpendicular, but it was cut at such a steep grade that erosion and gravitation will cause the plaintiff's yard to cave in until the walls of this cut reach that degree of slant recognized as required to eliminate further sliding. The plaintiff's house is only about eight feet from the right of way line, and this unguarded sliding will damage the remainder of his yard and render this side of his yard of little use. The construction of the wall of the cut in the angle it was constructed amounted to the taking of the real estate to the extent of the earth required to erode or wash away to bring the slope to the standard required. And this taking entailed incidental injury to the remainder of the plaintiff's property. Obion County v. Edwards, 159 Tenn. 491, 19 S. W. (2d) 236; Acker v. Knoxville, 117 Tenn. 224, 96 S. W. 973; Code 1932, section 3404.

It is the plaintiff's duty to curtail his damage, and if it can be curtailed the court will measure the plaintiff's damages by the cost of the curtailment. The proof shows that a retaining wall can be constructed along the property line at a cost of $800 to $1,200; the description of this wall was given and the dimension was two feet wide at the top, and the trial court was doubtless of the opinion that it was not necessary to make such a substantial wall, for he fixed the plaintiff's damages at $500 as the price of a retaining wall.

This court is of the opinion that this sum is not excessive, and is supported by the weight of the proof. But it is insisted that the plaintiff receives certain incidental benefits which should be offset and deducted from this recovery, the principal item being that he was relieved from any future cost due to an improvement of the highway under a rebutting property act, the landowner being required to pay one-third the cost of the improvement, and that this is a material and substantial benefit gained by the plaintiff and not common to all others within the town.

This presents a plausible argument, but when analyzed we find that the plaintiff's property if included in an improvement district and the road constructed as here constructed, that he would not receive like benefit or suffer like injury with all others within the improvement district. He would be entitled to recover from the improvement district his incidental damages, which cost would be distributed among all the property holders, so, to require the plaintiff to deduct this benefit against his incidental damages is equivalent to requiring him to pay an item peculiar to himself only, and one that his neighbors upon the same street are not required to pay. If every one in the improvement district, or contemplated district, suffered a like incidental injury, then there would be some justice in requiring the landowner to offset the benefits he derived in escaping an improvement district against the injuries he had sustained, but it is not just to require one property owner to take this loss when no other is in a like position and suffering a like loss.

Such other incidental benefits as the plaintiff receives, we think were deducted by the trial court in fixing his award, and, since it was below the lowest estimate of the contractor, this court thinks there should be no further reduction.

██ ██ Upon the plea of the statute of limitations, the burden of proof is upon the parties asserting the statute; the statute of one year runs from the completion of the work as provided by the statute. Code section 3404. The plaintiff's proof shows when the grading was done and that it required only three or four days to do the grading, but from this evidence the court cannot conclude that the work was completed within the next thirty or sixty days, in fact it would require much more time to pave and complete this road than the time required for grading. The plaintiff's proof shows that the work was not completed one year prior to the institution of this suit. The time not having expired, the suit is not barred by the one-year statute. Code 1932, section 3404.

There is no error in the judgment of the lower court, and it is affirmed, with costs.

Ailor and McAmis, JJ., concur.