# SHARBER v. CITY OF NASHVILLE.—183 S. W. (2d) 777.

Middle Section.   July 22, 1944.

Petition for Certiorari denied by Supreme Court, December 2, 1944.

626

■■■■■■■■■■■■■■■■■■■■

Jordan Stokes, III, of Nashville, for plaintiff in error.

Charles G. Blackard, W. C. Cherry, E. C. Yokley, and C. Vernon Hines, all of Nashville, for defendant in error.

HOWELL, J. This is a suit against the City of Nashville, originating in the Circuit Court of Davidson County, for damages alleged to have resulted to property of the plaintiff by the construction of an underpass to eliminate a grade crossing, which lowered the grade of Murphy Road where it was crossed by the N. C. & St. L. Railway. It was alleged in the declaration that the property of the plaintiff was located approximately 26 feet from Murphy Road and that the grade of this road had been lowered 14 feet and the grade of the alley or driveway running from Murphy Road to plaintiff's property was changed and the access to same materially altered or modified, thus causing her damage.

The defendant filed a demurrer and pleas which were overruled and the case was heard by the Court and a jury. Upon the trial, evidence was introduced by both plaintiff and defendant and upon the conclusion of the testimony in rebuttal by plaintiff the Court upon motion of the defendant directed the jury to return a verdict for the defendant and dismissed the suit. The record does

not disclose upon what grounds the action of the trial Judge was based.

A motion for a new trial was overruled and the plaintiff has perfected an appeal in error to this Court and has assigned the following errors:

"The Court erred in directing the jury to return the verdict for the defendant in this cause because:

"1. There was no evidence to support the verdict.

"2. The evidence preponderates against the verdict.

"3. The Court's action was arbitrary and was a clear usurpation of the powers and duties vested by law solely in a jury."

The defendant presents in its brief and argument four reasons why the action of the trial Court should be affirmed. Its first two propositions are:

"First, the act causing the alleged damage, that is to say, the lowering of Minnesota Avenue, was not done by the City of Nashville, but by the State of Tennessee.

"Second, the plaintiff does not abut upon the street lowered and as the suit (as shown by the bill of exceptions on page 4 and the transcript on page 5) is brought under Section 3404 of the Code, plaintiff is entitled to no damages under any theory under the Code section under which it is brought."

These two questions were raised by a plea and a demurrer filed by the defendant which were overruled by th trial Court.

The third proposition of the defendant is: "Third, this action was brought on the 30th day of September, 1941, and the project was not finished until November, 1943, wherefore, the action was prematurely brought."

This question was raised by a plea filed by the defendant on February 15, 1943, which was at first sustained by the trial Court and the suit dismissed. This action of

628

the Court was afterwards, upon motion, reconsidered, and the plea overruled on February 20, 1943. The defendant thereupon moved the Court on February 24, 1943, to dismiss the suit because prematurely brought and this motion was overruled on March 6, 1943. On May 31, 1943, the plaintiff moved the Court to strike the pleas of the defendant and to act upon her demurrer to this plea. This motion was granted, the defendant's plea declared insufficient in law to abate or bar the suit and the defendant required to plead to the declaration on its merits.

On October 23, 1943, the Court granted a motion by the plaintiff to set the case for trial. The case was taken up for trial by the Court and jury on November 12, 1943, and on November 15, 1943, upon the conclusion of the evidence, the motion for peremptory instructions for a verdict for the defendant was granted and the suit dismissed.

■ No appeal was perfected by the defendant City of Nashville and no assignments of error are therefore filed by it and we can consider only the assignments of error filed by the plaintiff.

■ On an appeal in error in a law case the appellate Court will only correct errors committed against the party prosecuting the appeal in error.

See City of Nashville v. Mason, 11 Tenn. App. 344, and cases there cited. See also Tennessee Procedure in Law Cases, Higgins & Crownover, Paragraph 1872 et seq.

The fourth proposition of the defendant is that there was no damage done to the property of the plaintiff. .

The Statute relied upon by the plaintiff is set out in Section 3404 of the Code of Tennessee, and is as follows: "Damage by change of grade, etc.—When any owner of real estate in any municipality shall sustain any damage to his property by reason of any change made in the

natural or established grade of any highway, street or alley, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the owner shall be paid all damages therefor by such municipality, which damages may be recovered by suit brought at any time in one year from the completion of or the cessation of such works, acts, or improvements; but all benefits accruing by reason of such improvements, acts, or works shall be allowed to affect, reduce, and offset the damages hereinbefore provided for.''

■ This statute must be liberally construed in favor of the rights of the citizen affected. City of Knoxville v. Barton, 128 Tenn. 177, 159 S. W. 837, citing Mayor, etc., of City of Nashville v. Nichol, 62 Tenn. 338; Mayor, etc., of City of Chattanooga v. Geiler, 81 Tenn. 611; City of Knoxville v. Harth, 105 Tenn. 436, 58 S. W. 650, 80 Am. St. Rep. 901. See also City of Knoxville v. Phillips, 162 Tenn. 328, 36 S. W. (2d) 434, and cases cited.

■ When a portion of a street immediately adjacent to the plaintiff's property is obstructed so as to destroy or substantially impair the owner's easement of access, such owner is entitled to compensation. In the case of Illinois Cent. Railroad Co. v. Moriarity, 135 Tenn. page 446, on page 458, 186 S. W. 1053, on page 1055, the Court said:

''We recognize the difficulty of the question. The courts are by no means in harmony in determining the limits of the abutting owner's easement of way—in saying when his damage ceases to be special. For other authorities see cases collected in notes to 2 L. R. A. (N. S.), 269; 30 L. R. A. (N. S.) 637; 46 L. R. A. (N. S.) 615; 10 R. C. L. p. 178.

"It is well settled by our former decisions that every abutting owner has a right of ingress and egress, and that he has an easement of way in the street which bounds his property. We think it a just and fair result to hold that this easement of way or easement of access extends along any street or alley upon which his property abuts, in either direction, to the next intersecting street. An obstruction of the adjacent street within these limits is a taking of such private easement of way, for which compensation must be made.

"It is possible that cases might arise in which an abutting owner's easement of way should be held to extend further, or should be more restricted, but, as a general rule, we announce the foregoing."

It is contended by the plaintiff that while her property does not actually abut on Murphy Road, the nearest point being about 26 feet therefrom, the lowering of the grade did materially impair access to the property by way of an alley or road on which it did abut and did destroy the view of her property from Murphy Road.

In 44 Corpus Juris on page 943 it is said:

"The owner of property abutting upon a public street has an easement over it of light and air, and view or prospect, constituting a property right of which he cannot be deprived without compensation. However, the right of view does not entitle an abutting owner to demand that the street shall remain in a natural and unimproved condition.

"View from street. In a number of decisions the right of an abutting owner to an unobstructed view of his premises from the street, as, for example, for the purpose of the display of goods or of advertising signs, has been recognized."

In Ruling Case Law, Vol. 13 on page 145 in Section 126 it is said: "An abutting owner has also an easement of view from every part of the street or highway, of which he cannot be deprived by encroachments placed on it by an adjacent proprietor."

■ Upon the hearing of this case by the Court and jury three witnesses testified for the plaintiff and two witnesses were introduced by the defendant. There was conflicting testimony as to whether or not the plaintiff's property was damaged by the change of grade of Murphy Road.

The plaintiff testified that the property had been damaged in the amount of $4,000 by being rendered inaccessible and its display value destroyed by the change in the grade of Murphy Road. The witness for the plaintiff, T. J. Wright, testified that ingress and egress had been practically destroyed and the property damaged 80% of its value.

From a careful examination of the testimony we are of the opinion that there was evidence upon which the jury could have found for the plaintiff and that the case should have been submitted to the jury.

The assignments of error are sustained and the judgment of the Circuit Court granting defendant's motion for peremptory instructions in its favor is reversed and the case remanded for a new trial.

The defendant in error will pay the costs of the appeal.

Reversed and remanded.

Felts and Hickerson, JJ., concur.